FILED
AN 8 08

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the United States District Court

For the _____ District of Columbia
                                            (State)

_____ Division

Name: David Crum )
Prison ID #: 05361-016 )
)
Name: F.C.I. - Beckley )
)
~~Prison ID~~ #: P.O.B 350 )
)
~~Name:~~ Beaver, West Virginia )
                      25813 )
~~Prison ID~~ #: _____ )
)
☐ Check here if there are additional )
  Plaintiffs--use separate sheet to )
  list each person. **DO NOT USE ET AL.** )
)
vs. )
Name: Bureau of Prisons, )
Name: Harrell Watts )
)
Name: _____ )
)
Name: _____ )
)
☐ Check here if there are additional )
  Defendants--use separate sheet to )
  list each person. **DO NOT USE ET AL.** )

Case: 1:08-cv-00109
Assigned To : Unassigned
Assign. Date : 1/18/2008
Description: Pro Se General Civil

**Complaint for the Violation of Civil Rights
Under 42 U.S.C. § 1983**

I. **Previous Lawsuits**

A.  Have you or any of the other plaintiffs listed above filed any other
    lawsuits in the United States District Courts and/or any state courts?

    ☑ Yes                    ☐ No

B.  If you answered YES to Question A, list the following information:

    ☑ Check here if more than one lawsuit has been filed and list them on
    additional sheets

Page 1 of 6

**RECEIVED**

DEC 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1. Parties to previous lawsuit:

   Plaintiffs: _David Hall Crum_

   Defendants: _Attorney General of The United States;_

2. In what Court did you file the previous lawsuit?
   _Southern District of West Virginia_
   (If Federal Court, name the District; if State Court, name the county.)

3. Case Number of the previous lawsuit: _5:04CV983_

4. Name of judge to whom the case was assigned: _Thomas E. Johnston_

5. Date previous lawsuit was filed: _2_/_00_/_4_ (List at least the year.)

6. What was the disposition or result of the previous lawsuit? (for example, was it dismissed, appealed, or still pending)
   _Still Pending Pursuant to Jones v. Bock U.S. 05-7058_

7. When was previous lawsuit decided: ___/___/___ (List at least the year.)

8. Did the previous lawsuit involve the same facts or circumstances that you are now alleging in the lawsuit you are now submitting?
   ☒ Yes   ☐ No _(Certain facts are Related)_

II. **Place of Plaintiff(s)'s current confinement:**

   A. Name of prison or jail in which you are currently incarcerated:
   _F.C.I. Beckley West Virginia_

   B. Are the facts of your lawsuit related to your confinement in your present prison or jail? _Because I can show an illegal Pattern;_
   ☒ Yes   ☐ No

   C. If you answered NO to question B, list the name and address of the jail or prison to which the facts of your lawsuit relate:

   _____

Page _2_ of _6_

D.  Did you present these facts to the prison authorities through the prisoner grievance procedure?

☑ Yes   ☐ No

E.  If you answered Yes to question D:

1.  What steps did you take: _Exhausted Remedies, although, Jones v. Bock, Rules that we no longer have to, to Proceed;_

2.  What was result: _Circumventing their own Policy Statements, and Rubber Stamping;_

F.  If you answered No to question D, explain why not: _____

_____

_____

### III. Parties to this Lawsuit

A.  Plaintiff(s) bring this lawsuit:

1.  Name of Plaintiff: _David Crum_

    Prison ID #: _05361-016_

    Address, include name of instituion: _F.C.I. Buckley, P.O. Box 350, Beaver, W.V. (25813)_

2.  Name of Plaintiff: _____

    Prison ID #: _____

    Address, include name of institution: _____

    _____

3.  Name of Plaintiff: _____

    Prison ID #: _____

    Address, include name of institution: _____

    _____

☐ Check here if there are additional plaintiffs and list them on additional sheet of paper.

Page _3_ of _6_

B. Defendants against whom you are filing this lawsuit:
For each defendant, check whether you are naming the defendant is his or her individual and/or official capacity.

1. Name of Defendant: _Federal Bureau of Prisons_

   Place of Employment: _Washington, D.C._

   Address of Defendant: _320 First Street, N.W._
   _Wash. D.C._

   Named in an official capacity?   ☒ Yes   ☐ No
   Named in an individual capacity? ☐ Yes   ☐ No

2. Name of Defendant: _Harrell Watts_

   Place of Employment: _Federal Bureau of Prisons_

   Address of Defendant: _320 First Street, N.W._
   _Wash. D.C. (20534)_

   Named in an official capacity?   ☐ Yes   ☐ No
   Named in an individual capacity? ☐ Yes   ☐ No

3. Name of Defendant: _____

   Place of Employment: _____

   Address of Defendant: _____

   _____

   Named in an official capacity?   ☐ Yes   ☐ No
   Named in an individual capacity? ☐ Yes   ☐ No

☐ Check here if there are more then 3 defendants. You must list each and every defendant. If you do not list the name of a defendant, he or she will not be included in the lawsuit. If you do not list the place of employment and address the clerk will not be able to serve that defendant. Use addition sheets of paper to list more then 3 defendants.

IV. Statement of your claim

State as briefly as possibly all the facts of your case. Recite the dates when any incidents or events occurred, and the places where they took place. Describe how each defendant is involved. Also include the names of other persons involved and the dates and places of their involvement.

Page _4_ of _6_

If you set forth more then one claim, number each one, and use a separate paragraph for each one.

Pursuant to federal Section-1983, this Plaintiff in Good faith, introduces Exhibits A-1, A-2, A-3, B-1, B-2, B-3, C-1, C-2, and Documents - one, and 14, to Hereby, Clearly illustrate, a very unconstitutional Pattern, concerning any, and all subjects; (if their Policy Statement is not in their favor, and, they know that the prisoner is legally correct; they thereby violated, the Prisoner's Rights repeatedly, and without shame, all the way to Wash. D.C.; for instance, Exhibits A-1 to A-3, show that the institution was defeated on their own limitation of Time Policy, however, they ignored that, and still let stand the penalty; Moreover, Exhibits B-1 to B-3, show how they substitute Policy 5100.08, to circumvent Policies 5873.05 and 1040.04, because they knew, that, they were Beat, and that indeed it is discrimination, if they refuse to allow a Prisoner to get an Administrative Program Transfer, which they never addressed; Additionally, Documents one and 14 show,

how they illegally created a fake (Old Law) Sentencing Structure, and lied about (305) Good Days, that the Prisoner never received;

V. **Relief requested:** List what you want the court to do; list what relief you seek against each defendant:

A. _A trial be set immediately;_
B. _One Million dollars awarded in Damages;_
C. _Bring the Plaintiff Back to Wash. D.C.;_
D. _Allow the Plaintiff to Amend the Complaint;_
E. _Issue a temporary injunction To Prevent Retaliation;_

I (we) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this _12_ day of _December_, 20_07_.

Signature: _David Crum_
Prison ID #: _05361-016_
Address: _F.C.I. Beckley, P.O. Box 350, Beaver, W.V. (25813)_

Signature: _____
Prison ID #: _____
Address: _____
_____

Signature: _____
Prison ID #: _____
Address: _____
_____

☐ Check here is additional signatures are included on an additional sheet of paper.

**All plaintiffs must sign complaint.**

CASE MANAGER, AUTHORIZED BY ACT OF JULY 7
1955, AS AMENDED TO ADMINISTER OATHS    Page _6_ of _6_
(18 USC 4004).

Respectfully Submitted,
Original Signature _David Crum_

U.S. Department of Justice — Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

: Refer to Attachment :

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Crum, David H.  05361-016  Pine-A-L  Beckley
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL**

The illegal Systematic (Rubber-Stamping), Violations of Bureau of Prisons Policy Statements = 5873.05, and 1040.04, Regarding the inhumane Denial of a Release Plan, by both, F.C.I. Beckley and the Mid-Atlantic Regional Office: first, it is Noted, that the Mailing and Administrative Remedy Procedures at F.C.I. Beckley, is illegal, and Cruel and Unusual, (in that) the Remedy Mail is systematically Opened, and articles (Documents) are taken out, and is Sent to the inmate through the regular Mail, outside of the envelope, therefore, I am Sending this Package, to Wash. D.C., as they gave it to me.

10-3-07  : See Attachment :  David Crum
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
OCT 1 0 2007
Administrative Remedy Section
Federal Bureau of Prisons

08 0109
**FILED**
JAN 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____  _____
DATE             GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 459269-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: Crum, David H.  05361-016  Pine-A-L  Beckley
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: inadequate Unicor at F.C.I. Beckley:

_____  _____
DATE             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                          BP-231(13) APRIL 1982

: Attachment to Central Office Remedy: (10-3-07)

This writer is within (13) Months of Half-Way House Placement, with the six months of Half-Way House, (at this time);

This writer have been at F.C.I. Beckley for (5) five years, and was on the Beckley Unicor list, for five years, however, the Beckley Unicor is inadequate, (in that), there are nearly (2000) two thousand prisoners at Beckley, and the Unicor can only accommodate less than one percent of the inmate Population, maybe about (120) inmates; (in addition) to not having, over-time Pay, for lack of contracts;

This writer therefore brought this situation, to the attention of Both the Warden, and the Regional Office, Requesting to go to F.C.I. Petersburg, Va., to enter their Unicor Program, and thereby save badly needed funds, prior to releasing, to one of the highest cost of living area's, in the ▓▓▓▓ world (Wash. D.C.) Citing the two Policy Statements = 5873.05, and 1040.04;

Both The Warden, and The Regional Office, illegally, ignored, The Beckley inadequate Unicor issue, (Refer to Their) enclosed responses, and tried to pretend that this Petitioner was asking for a regular Transfer, citing 5100.08;

: If this Central Office fail to Remedy and Expedite, this Matter, as required by Policy, then it is well established that The Program Statements, are only utilized, for Staff;



Administrative Remedy No. 459269-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you request a transfer to FCI Petersburg to enter their UNICOR Program and save funds for your release from custody. You state the UNICOR Factory at FCI Beckley is inadequate and unable to accommodate all inmates who wish to work in UNICOR.

Our review reveals that the Warden and Regional Director accurately addressed the issue you raised in your appeal. The issue of transfers is left to the discretion of the Warden and staff at the Designation and Sentence Computation Center per Program Statement 5100.08, <u>Inmate Security Designation and Custody Classification Manual</u>. The Bureau of Prisons attempts to designate inmates to facilities as close to their homes as possible commensurate with their security needs. Several factors considered in redesignations (transfers) from one Bureau institution to another include, but are not limited to release residence, population pressures, security level, program needs, and public safety. In addition, the inmate's institutional adjustment and program performance are also carefully reviewed when redesignation is considered.

As noted by the Warden, you are appropriately housed at FCI Beckley. You are designated to an institution commensurate with your security level. We encourage you to contact a member of your Unit Team to inquire about being placed in the UNICOR Employment Waiting List. In addition, during regularly scheduled program reviews of your case, we encourage you to discuss programming opportunities and release planning with your unit team. Based on the above, we concur with the responses provided. Accordingly, your appeal is denied.

December 3, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice                           Central Office Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Crum, David H.__ __05361-016__ __Pine-A-L__ __Beckley__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT         INSTITUTION

Part A—REASON FOR APPEAL

first of all I am a Pro-se litigant, who have the entire B.O.P. in Court, because your staff at F.C.I. Beckley have violated my federal Civil Rights, by creating and falsifying a fake (Old Law) D.C. Code sentence structure; (Refer to Crum v. Attorney Gen. No. 504-0983 and 5:04-1299). I have no money for copies, and your staff won't give any, and they are still retaliating against me, by moving me from one unit to another, for no reason. They open all legal mail coming from the Regional Office, and the appeal is based upon the violation of time limitations P.S. 5270.07; The Regional Office have violated this same time frame, and tolerate the racist illegal activities of this facility. The incident report must be Quashed.

__1-31-07__                                        __David Hall Crum__
   DATE                                            SIGNATURE OF REQUESTER

Part B—RESPONSE



**RECEIVED**

FEB 0 7 2007

Administrative Remedy Section
Federal Bureau of Prisons




_____ DATE                              _____ GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                        CASE NUMBER: __425760-A1__
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Part C—RECEIPT                                    CASE NUMBER: _____

Return to: _____    _____    _____    _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT         INSTITUTION

SUBJECT: _____

_____ DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
USP LVN                                                                                              APRIL 1982

**Administrative Remedy No. 425760-A1**
**Part B - Response**

You appeal the July 28, 2006, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Threatening Another Person With Bodily Harm, in violation of Code 203. You request the incident report be expunged.

Our review of your disciplinary proceedings indicates substantial compliance with P.S. 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence that he has detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination based on the reporting officer's written statement. We concur with the DHO decision that you committed the prohibited act based on the greater weight of the evidence as accurately and adequately stated in Section V of the DHO Report.

Upon review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and appropriate sanctions were imposed. Accordingly, your appeal is denied.

April 2, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

delivered
04-10-2007



## Regional Administrative Remedy Appeal
### Part B - Response

**Date Filed: September 29, 2006**                **Remedy ID No. 425760-R2**

You appeal the DHO decision of July 28, 2006, for Threatening Another Person With Bodily Harm (Code 203). You request the incident report be expunged.

P.S. 5270.07, <u>Inmate Discipline and Special Housing Units</u>, provides that the DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. The DHO considered your denial of the charge. The DHO found you committed the prohibited act based on the greater weight of the evidence, as accurately and adequately stated in Section V of the DHO report, and we find no need to elaborate further.

You allege that your segregation review was not conducted in a timely manner and therefore contend the incident report should be expunged. That review is a separate process from your DHO action and would not effect the outcome of your DHO hearing.

We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions imposed were appropriate and available to the DHO for a prohibited act in the High Severity category.

Your appeal is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JAN 2 4 2007

_____                        _____
Date                                            K. M. White
                                                Regional Director
                                                Mid-Atlantic Regional Office

(Exhibit-A-1)

**U.S. Department of Justice**  Re: 28 C.F.R. 541.26:    **Regional Administrative Remedy Appeal**
**Federal Bureau of Prisons**         : See Attachment :

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Crum, David H.__    __05361-016__    __Oak-B-2U__    __Buckley__
       LAST NAME, FIRST, MIDDLE INITIAL    REG NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

Pursuant Directly to the Rejection Notice, Dated 9-1-06; This Writer responds accordingly; Pursuant to Policy Statement 5270.07, all incident Reports should be Dismissed, even The (203) heard by the D.H.O., because, one report was re-wrote illegally, a week later, after the fact and falsified (Refer To Enclosed reports one and Two, Specifically, the signature and zero's, (Date and Time of Deliverance)

__9-6-06__ See Attachment    __David Hall Crum__
DATE                                  SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
SEP 13 2006
Bureau of Prisons
MARO Regional Counsel

---

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __420116-R2__

---

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
USP LVN   DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

(Exhibit-A.2)

: Attachment to Regional Remedy : (9-6-06)

All of the Subject incidents' happened on the same date, 6-21-06, and several Due-Process Violations' occurred, but the two most serious occurrences, besides the falsification, is the fact, that this Writer was in Detention for (38) Days without a D.H.O. Hearing, and without Review by a Segregation Hearing Officer, which is Mandated by Policy,

(1.) Three Day Reviews'

(2.) Seven Day Reviews'

(3.) (30) Day Reviews'

Refer to 28 C.F.R., Part-541, (Docket No. B.O.P.-1118-P), R/N 1120-AB, 18 Revision-Authorized on 7-26-05

: Respectfully, all incident Reports' associated Thereto, should be Quashed or Dismissed; Because, Staff failed to follow the Proper procedures', and Protect the fairness, promised by The Bureau of Prisons';

: The B.O.P.'s operation of Shu is authorized by 18 U.S.C. 4042 (a)(2) and (3):

Respectfully Submitted,

Mr. David H. Cum

Administrative Remedy Regional Appeal
Part B - Response

Date: November 17, 2003

Remedy No. 311743-R4

You are appealing the Warden's response to your Request for Administrative Remedy. You request your sentence computation be corrected and that it reflect the applicable statutory good time.

A review of records in this matter reveals you are currently serving a District of Columbia Superior Court Parole Violation term of 8402 days. This term stems from an original 32 year term imposed in the Superior Court of the District of Columbia on August 9, 1978. Further review of the statutory good time calculation in your case reveals your sentence has been computed in accordance with applicable statutes of the D.C. Code, U.S. Code and Bureau of Prisons policy. The District of Columbia Records Office, under the auspices of the Bureau of Prisons Central Office, maintains full authority for the calculation and review of your sentence computation, and has determined your sentence computation is correct as calculated.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

DEC 0 2 2003
_____
Date

K. M. White
Regional Director
Mid-Atlantic Region

(Document - One)

REQUEST FOR ADMINISTRATIVE REMEDY
INMATE: CRUM, David
Reg. No.:05361-016

BEC-366311-F1

Your Request for Administrative Remedy received February 7, 2005, regarding the awarding of Extra Good Time, has been reviewed. Specifically, you request to be awarded for Extra Good Time while incarcerated at U.S.P. Leavenworth from December 1988, until November 27, 1991, on a previous commitment and while at FCI Beckley on your current commitment.

Program Statement 5880.30, Sentence Computation Manual, Chapter XIII, Section 3.c, states,"Once an inmate is conditionally released from imprisonment, either by parole, including special parole, or mandatory release, the good time earned (extra or statutory) during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release." You were released on parole on November 27, 1991, from U.S.P. Leavenworth. You cannot receive this credit on your current parole violation.

Due to an administrative error upon your commitment to FCI Beckley, you were not submitted for Extra Good Time. On January 13, 2005, staff reviewed your file and found it appropriate to recommend you for Extra Good Time beginning upon your arrival at FCI Beckley. Your computation was updated to reflect this award of Extra Good Time.

Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is partially granted. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

3-8-05
Date

Marty C. Anderson, Warden